1  LYNN HUBBARD, III, SBN 69773
   SCOTTLYNN J HUBBARD, IV, SBN 212970
2  DISABLED ADVOCACY GROUP, APLC
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff

7

8
                    UNITED STATES DISTRICT COURT
9
                  SOUTHERN DISTRICT OF CALIFORNIA
10

11

12                                          '08 CV 1534 JAH BLM
13  A. J. OLIVER,                    )  No.
14       Plaintiff,                  )
                                     )  **Plaintiff's Complaint**
15       vs.                         )
16  HOTCAKES NO. 18, INC. dba        )
17  IHOP #830; CHELSEA SAN           )
   DIEGO FINANCE, LLC,               )
18                                   )
       Defendants.                   )
19                                   )
20

21

22

23

24

25

26

27

28

*Oliver v. Hotcakes No. 18, Inc., et al.*
**Plaintiff's Complaint**

                            Page 1

FILED

2008 AUG 20  AM 10: 58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# I. SUMMARY

1. This is a civil rights action by plaintiff A. J. Oliver ("Oliver") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

IHOP #830
4291 Camino de la Plaza
San Ysidro, CA 92173
(hereafter "the Restaurant")

2. Oliver seeks damages, injunctive and declaratory relief, attorney fees and costs, against Hotcakes No. 18, Inc. dba IHOP #830 and Chelsea San Diego Finance, LLC (collectively "IHOP") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Oliver's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7. IHOP owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, and/or corporation.

*Oliver v. Hotcakes No. 18, Inc., et al.*
**Plaintiff's Complaint**

8.    Oliver suffered a stroke approximately 13 years ago.  The stroke left him paralyzed, speech impaired, and unable to stand or walk.  Oliver requires the use of a motorized wheelchair when traveling about in public.  Consequently, Oliver is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.    The Restaurant is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Oliver visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.   To the extent known by Oliver, the barriers at the Restaurant included, but are not limited to, the following:

- There is no designated accessible route from the public way;
- There are two parking spaces designated as being van accessible, however, only one actually is;
- The International Symbols of Accessibility ("ISA") painted in the disabled parking spaces are not the correct size;
- At least one of the disabled parking spaces have a slope and cross slope that exceed 2.0%;
- The platform at the bottom of the ramp connected to the access aisle is not 60 inches by 60 inches;
- The absence of wheel stops at the disabled parking spaces allows large vehicles to impede access to the restaurant;
- There is no seating designated as accessible in the exterior seating area;
- There is no disabled seating in the exterior seating area;
- The ISA posted at the entrance is done so at the wrong height;

*Oliver v. Hotcakes No. 18, Inc., et al.*
**Plaintiff's Complaint**

1  • There is no seating designated as accessible in the interior seating area;

2  • There is no disabled seating in the interior seating area;

3  • There is no accessibility signage on the strike side of the entry door into
4     the men's restroom;

5  • The stall door is not self closing;

6  • There is no handle mounted below the latch on the stall door;

7  • The toilet tissue dispenser protrudes into the clear maneuvering space
8     needed to access the water closet; and,

9  • The pipes underneath the lavatory are improperly and/or incompletely
10    wrapped.

11 These barriers prevented Oliver from enjoying full and equal access.

12     11.   Oliver was also deterred from visiting the Restaurant because he
13 knew that the Restaurant's goods, services, facilities, privileges, advantages, and
14 accommodations were unavailable to physically disabled patrons (such as
15 himself). He continues to be deterred from visiting the Restaurant because of the
16 future threats of injury created by these barriers.

17     12.   Oliver also encountered barriers at the Restaurant, which violate
18 state and federal law, but were unrelated to his disability. Nothing within this
19 complaint, however, should be construed as an allegation that Oliver is seeking
20 to remove barriers unrelated to his disability.

21     13.   IHOP knew that these elements and areas of the Restaurant were
22 inaccessible, violate state and federal law, and interfere with (or deny) access to
23 the physically disabled.  Moreover, IHOP has the financial resources to remove
24 these barriers from the Restaurant (without much difficulty or expense), and
25 make the Restaurant accessible to the physically disabled.  To date, however,
26 IHOP refuses to either remove those barriers or seek an unreasonable hardship
27 exemption to excuse non-compliance.

28

*Oliver v. Hotcakes No. 18, Inc., et al.*
**Plaintiff's Complaint**

14.    At all relevant times, IHOP has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  IHOP has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.    IHOP has intentionally maintained the Restaurant in its current condition and has intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

15.    Oliver further alleges that the (continued) presence of barriers at the Restaurant is so obvious as to establish IHOP'SS discriminatory intent.[1]   On information and belief, Oliver avers that evidence of this discriminatory intent includes IHOP'S refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Restaurant; conscientious decision to the architectural layout (as it currently exists) at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that the Restaurant continues to exist in its non-compliant state.    Oliver further alleges, on information and belief, that IHOP is not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

16.    Oliver incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal

---

[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
[2]    Id.; 28 C.F.R. § 36.211(b)
*Oliver v. Hotcakes No. 18, Inc., et al.*
**Plaintiff's Complaint**

1  enjoyment (or use) of goods, services, facilities, privileges, and accommodations
2  offered by any person who owns, operates, or leases a place of public
3  accommodation. 42 U.S.C. § 12182(a).

4      18.   IHOP discriminated against Oliver by denying "full and equal
5  enjoyment" and use of the goods, services, facilities, privileges or
6  accommodations of the Restaurant during each visit and each incident of
7  deterrence.

8      Failure to Remove Architectural Barriers in an Existing Facility

9      19.   The ADA specifically prohibits failing to remove architectural
10 barriers, which are structural in nature, in existing facilities where such removal
11 is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily
12 achievable" is defined as "easily accomplishable and able to be carried out
13 without much difficulty or expense." Id. § 12181(9).

14     20.   When an entity can demonstrate that removal of a barrier is not
15 readily achievable, a failure to make goods, services, facilities, or
16 accommodations available through alternative methods is also specifically
17 prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

18     21.   Here, Oliver alleges that IHOP can easily remove the architectural
19 barriers at the Restaurant without much difficulty or expense, and that IHOP
20 violated the ADA by failing to remove those barriers, when it was readily
21 achievable to do so.

22     22.   In the alternative, if it was not "readily achievable" for IHOP to
23 remove the Restaurant's barriers, then IHOP violated the ADA by failing to
24 make the required services available through alternative methods, which are
25 readily achievable.

26
27
28

*Oliver v. Hotcakes No. 18, Inc., et al.*
**Plaintiff's Complaint**

<u>Failure to Design and Construct an Accessible Facility</u>

23.    On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.    Here, IHOP violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Oliver—when it was structurally practical to do so.[3]

<u>Failure to Make an Altered Facility Accessible</u>

26.    On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. <u>Id.</u>

28.    Here, IHOP altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Oliver—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services,

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

<u>*Oliver v. Hotcakes No. 18, Inc., et al.*</u>
**Plaintiff's Complaint**

1 | facilities, or accommodations to individuals with disabilities, unless the entity
2 | can demonstrate that making such modifications would fundamentally alter their
3 | nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

4 |     30.    Here, IHOP violated the ADA by failing to make reasonable
5 | modifications in policies, practices, or procedures at the Restaurant, when these
6 | modifications were necessary to afford (and would not fundamentally alter the
7 | nature of) these goods, services, facilities, or accommodations.

8 |     31.    Oliver seeks all relief available under the ADA (*i.e.*, injunctive
9 | relief, attorney fees, costs, legal expense) for these aforementioned violations. 42
10 | U.S.C. § 12205.

11 |     32.    Oliver also seeks a finding from this Court (*i.e.,* declaratory relief)
12 | that IHOP violated the ADA in order to pursue damages under California's
13 | Unruh Civil Rights Act or Disabled Persons Act.

14 | VII. SECOND CLAIM
15 | **Disabled Persons Act**

16 |     33.    Oliver incorporates the allegations contained in paragraphs 1
17 | through 30 for this claim.

18 |     34.    California Civil Code § 54 states, in part, that: Individuals with
19 | disabilities have the same right as the general public to the full and free use of
20 | the streets, sidewalks, walkways, public buildings and facilities, and other public
21 | places.

22 |     35.    California Civil Code § 54.1 also states, in part, that: Individuals
23 | with disabilities shall be entitled to full and equal access to accommodations,
24 | facilities, telephone facilities, places of public accommodation, and other places
25 | to which the general public is invited.

26 |     36.    Both sections specifically incorporate (by reference) an individual's
27 | rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

28 |

*Oliver v. Hotcakes No. 18, Inc., et al.*
Plaintiff's Complaint

37.   Here, IHOP discriminated against the physically disabled public—including Oliver—by denying them full and equal access to the Restaurant. IHOP also violated Oliver's rights under the ADA, and, therefore, infringed upon or violated (or both) Oliver's rights under the Disabled Persons Act.

38.   For each offense of the Disabled Persons Act, Oliver seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.   He also seeks to enjoin IHOP from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40.   Oliver incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.   California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.   California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.   IHOP's aforementioned acts and omissions denied the physically disabled public—including Oliver—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*Oliver v. Hotcakes No. 18, Inc., et al.*
Plaintiff's Complaint

45.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Oliver by violating the Unruh Act.

46.    Oliver was damaged by IHOP's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47.    Oliver also seeks to enjoin IHOP from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

### Denial of Full and Equal Access to Public Facilities

48.    Oliver incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49.    Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50.    Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51.    Oliver alleges the Restaurant is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Restaurant was not exempt under Health and Safety Code § 19956.

52.    IHOP'SS non-compliance with these requirements at the Restaurant aggrieved (or potentially aggrieved) Oliver and other persons with physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

1

X. PRAYER FOR RELIEF

2   WHEREFORE, Oliver prays judgment against IHOP for:

3   1.    Injunctive relief, preventive relief, or any other relief the Court deems
4   proper.

5   2.    Declaratory relief that IHOP violated the ADA for the purposes of Unruh
6   Act or Disabled Persons Act damages.

7   3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the
8   California Civil Code (but not both) according to proof.

9   4.    Attorneys' fees, litigation expenses, and costs of suit.[4]

10  5.    Interest at the legal rate from the date of the filing of this action.

11

12  DATED: August 19, 2008        DISABLED ADVOCACY GROUP, APLC

13

14  

15  LYNN HUBBARD, III
    Attorney for Plaintiff A.J. Oliver

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Oliver v. Hotcakes No. 18, Inc., et al.*
**Plaintiff's Complaint**

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
A.J. OLIVER

**DEFENDANTS**
HOTCAKES NO. 18, INC. dba IHOP #830; CHELSEA SAN DIEGO FINANCE, LLC

FILED
2008 AUG 20 AM 10: 58

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
LYNN HUBBARD, III   DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane Chico, CA 95926   (530) 895-3252

Attorneys (If Known)

'08 CV 1534 JAH BLM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 8/19/08   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 154279   AMOUNT $350   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

SAC 8/20/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154279    — TC**

**August 20, 2008
10:56:08**

**Civ Fil Non—Pris**
USAO #.: 08CV1534
Judge..: JOHN A HOUSTON
Amount.:                    $350.00 CC

**Total—>   $350.00**

FROM: A.J. OLIVER
VS.
HOTCAKES NO. 18